JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher Mullen & Lisa Mullen, h/w

## DEFENDANTS

Wagenborg Shipping B.V
Wagenborg Rederij B.V
Wagenborg Shipping North America
Royal Wagenborg of the Netherlands

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul V. Bucci, Esquire         Joseph P. Moschetta, Esquire
Laffey, Bucci & Kent LLP       The Moschetta Law Firm, P.C.
1435 Walnut Street, 7th Floor  Court Square Building
Philadelphia, PA 19102         28 West Cherry Avenue
(215) 399-9252                 Washington, PA 15301 (724) 225-3060

Attorneys *(If Known)*
Jeffrey Moller, Esquire
Lev Kalman, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103  (215) 569-5500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1331
Brief description of cause:
Longshoreman's personal injury action following alleged accident on vessel

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of $75,000   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE  April 14, 2015

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Christopher Mullen, et al.                       :              CIVIL ACTION
                                                 :
                                  v.             :
                                                 :
Wagenborg Shipping B.V., et al.                  :              NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              ( X )


| 4/14/15 | Jeffrey Moller | Defendants |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-5792 | 215-832-5792 | Moller@blankrome.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 127 Rosewood Street, Philadelphia, PA  19148

Address of Defendant: Markstraat 10, 9934CK DelFZijl, Netherlands

Place of Accident, Incident or Transaction: Vessel on Delaware Avenue
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Longshore & Harbor Workers' Compensation Act, 33 U.S.C. 905 (b)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jeffrey Moller, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/14/15    _____    41049
                  Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/14/15    _____    41049
                  Attorney-at-Law      Attorney I.D.#

CIV 609 (5 2012)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MULLEN and LISA MULLEN, h/w, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. _____ |
| v. | : | |
| | : | |
| WAGENBORG SHIPPING B.V., WAGENBORG REDERIJ B.V., WAGENBORG SHIPPING NORTH AMERICA, INC., ROYAL WAGENBORG OF THE NETHERLANDS and JOHN DOES "A" - "G," | : | |
| | : | |
| Defendants. | : | |
| | : | |

### NOTICE OF REMOVAL

Defendants Wagenborg Shipping B.V., Wagenborg Rederij B.V., Wagenborg Shipping North America, Inc. and Royal Wagenborg of the Netherlands (collectively, the "Wagenborg Defendants" or "Wagenborg") by and through their attorneys Blank Rome LLP, hereby file their Notice of Removal pursuant to 28 U.S.C. §§1331, 1332 and 1441, *et seq.*, and in support thereof, aver as follows:

1.      Plaintiffs Christopher Mullen and Lisa Mullen commenced a lawsuit by Complaint in the Philadelphia County Court of Common Pleas, February Term 2015, No. 02728 seeking damages pursuant to the Longshoreman's and Harbor Workers' Compensation Act (LHWCA) as the result of personal injuries allegedly suffered by Mr. Mullen while aboard a vessel owned and/or operated by one or more of the Wagenborg Defendants.

2.      Plaintiffs allege in paragraph 1 of their Complaint that they reside at a stated address in Philadelphia, Pennsylvania. Based upon the address set forth in Plaintiffs' Complaint, Plaintiffs are domiciled in the Commonwealth of Pennsylvania and are citizens of the

Commonwealth of Pennsylvania. A true and correct copy of said Complaint is attached as Exhibit "A."

3.      Defendant Wagenborg Shipping B.V. is a foreign entity domiciled in the Netherlands and maintaining its principal place of business in that country.

4.      Defendant Wagenborg Rederij B.V. is a foreign entity domiciled in the Netherlands and maintaining its principal place of business in that country.

5.      Defendant Wagenborg Shipping North America. Inc. is a foreign entity domiciled in Canada and maintaining its principal place of business in that country.

6.      Defendant Royal Wagenborg of the Netherlands[1] is a non-existent entity, allegedly domiciled in the Netherlands and maintaining its principal place of business in that country.

7.      Plaintiffs have alleged in their Complaint that the Wagenborg Defendants are all foreign corporations as set forth above.

8.      Based upon the allegations of citizenship set forth above and in the Complaint, there is complete diversity of citizenship between the Plaintiffs and Defendants.

9.      The ad damnum clause in Plaintiffs' Complaint alleges that Plaintiff seeks damages "in a sum in excess of $50,000.00." *See* Exhibit "A," following paragraphs 42 and 45 of the Complaint.

10.     By letter dated letter April 9, 2015, a copy of which is attached hereto as Exhibit "B," counsel for the Wagenborg Defendants sought a stipulation that Plaintiffs would limit their

---

[1] Royal Wagenborg of the Netherlands" is a non-existent entity which was alleged in the Complaint to be the parent company of the other named Wagenborg Defendants. The correct name of the parent corporation is "Koninklijke Wagenborg B.V." Koninklijke Wagenborg B.V. is also represented by the undersigned counsel, will consent to be substituted as a defendant in place of Royal Wagenborg of the Netherlands, and has consented to the removal of this action.

damages to $75.000.00 or less. As of the date of this filing, Plaintiffs have declined to enter into such a stipulation.

11.     Accordingly, removal is appropriate and the requisite amount in controversy exists for removal based upon diversity jurisdiction. *See Johnson v. Costco Wholesale*, No. CIV. A. 99-CV-3576, 1999 WL 740690 (E.D.Pa. Sept. 22, 1999) (failure to stipulate to $75,000 limit on damages provides basis for amount in controversy).

12.     In addition, Plaintiffs allege in the Complaint that Christopher Mullen "was caused to be, and did sustain personal injuries, damages and permanent impairment, including among others, as follows: serious and permanent injuries, including, but not limited to bruises and contusions to the thoracic and lumbar spine, as well as to the chest and ribs, disc bulging, disc protrusion, disc herniation, permanent nerve damage that includes, but is not limited to impingement and other injuries, spinal stenosis, and radiculitis in the areas of C5-C6, L4-L5, L5-S1, and/or T6-T7, all of which required surgical intervention that included an anterior cervical discectomy and fusion and cervical epidural and itralaminar injections, and other injuries all of which may be permanent in nature." *See* Exhibit "A," Complaint at ¶ 27.

13.     Based on said allegations contained in Plaintiffs' Complaint, the amount in controversy clearly exceeds the sum or value of $75,000. *See Harvey v. Liberty Mut. Grp., Inc.,* 13-CV-04693, 2014 WL 1244059 (E.D. Pa. March 26, 2014, Joyner).

14.     In addition, because this case was brought pursuant to the Longshoreman's and Harbor Workers' Compensation Act, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (*See, e.g., Rex v. CIA. Pervana De Vapores, S.A.*, 493 F.Supp. 459 (E.D. Pa. 1980); *Chapple v. National Shipping Co. of Saudi Arabia*, 2011 U.S. Dist. LEXIS 3241 (S.D. Tex. January 13, 2011)).

15.     The Philadelphia County Court of Common Pleas docket does not reflect service upon any defendants; however, service upon Wagenborg Shipping North America, Inc. was made no earlier than March 25, 2015.  This date is less than 30 days prior to the filing of the instant Notice of Removal.

16.     Wagenborg Defendants seek the removal of this case from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1331, 1332 and 1441, *et seq.*, inasmuch as this Court has federal question jurisdiction as a result of the LHWCA claims asserted by Plaintiffs; there is complete diversity of citizenship between the parties; the requisite amount in controversy exists; and this Notice has been filed within 30 days of acceptance of service of this action upon Defendants.

17.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County and is being served on all adverse parties.

Respectfully submitted,

**BLANK ROME LLP**

Dated: April 14, 2015        By:

Jeffrey S. Moller, Esquire
Lev Kalman, Esquire
One Logan Square
Philadelphia, PA  19103-6998
(215) 569-5500

*Attorneys for Defendants Wagenborg Shipping B.V.,*
*Wagenborg Rederij B.V., Wagenborg Shipping North*
*America, Inc. and Royal Wagenborg of the Netherlands*

## CERTIFICATE OF SERVICE

I, Lev Kalman, hereby certify that a true and correct copy of the foregoing Notice of

Removal was mailed this ___ day of April 2015, by U.S. First-Class mail, postage prepaid, to

counsel of record as noted below:

Paul V. Bucci, Esquire
Laffey, Bucci & Kent, LLP
1435 Walnut Street
7th Floor
Philadelphia, PA 19102


Joseph P. Moschetta, Esquire
The Moschetta Law Firm, P.C.
Court Square Building
28 West Cherry Avenue
Washington, PA 15301

_Lev Kalman_

# EXHIBIT A



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| **Rick Hamilton**<br>**633 Yesler Way**<br>**Seattle, WA 98104**<br>**United States of America**<br><br>Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983<br>which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | DIRECTION DU DROIT ADMINISTRATIF ET PRIV<br>MINISTERE DE LA JUSTICE<br>1200 RUE DE L'EGLISE, DEUXIEME ETAGE<br>STE-FOY QB  G1V 4M1 |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.;

(identity and address)

**WAGENBORG SHIPPING NORTH AMERICA, INC.**
**500 PLACE D'ARMES**
**SUITE 2055**
**MONTREAL QB H24 2W2**
**CANADA**

DOB:                    Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*

_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes*.– with a certificate as provided on the reverse side.

Hearing Date:
List of documents:
**CIVIL COVER SHEET; NOTICE TO DEFEND; COMPLAINT IN CIVIL ACTION (SUBMITTED IN DUPLICATE WITH TRANSLATIONS)**

Done at Seattle, Washington USA, on Mar  2 2015

Signature and/or stamp



PFI  PROCESS FORWARDING INTERNAL USA



TRACKING #: 30246703

# SUMMARY OF THE DOCUMENT TO BE SERVED

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

### (article 5, fourth paragraph)

Name and address of the requesting authority: **Rick Hamilton**
**633 Yesler Way**
**Seattle, WA 98104**
**United States of America**

Particulars of the parties:
**CHRISTOPHER MULLEN and LISA MULLEN**   vs.   **WAGENBORG SHIPPING B.V., et al.**

## JUDICIAL DOCUMENT*

Nature of the document:
To give notice to the Defendant of the institution against them of a civil lawsuit.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
Plaintiffs are seeking to recover civil damages and other relief, amount to be determined in
court.

Date and place for entering appearance:*
Defendant has twenty days from receipt of the Notice to Defend to make a written response,
address is noted on the Notice to Defend.

Court which has given judgment:*
n/a

Date of judgment:*
n/a

Time limits stated in the document:*
    Hearing Date:

## EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:
n/a

Time limits stated in the document:*
n/a



TRACKING #: 30246703

USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **FEBRUARY 2015** | **002728** |
| E-Filing Number: 1502047186 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHRISTOPHER MULLEN | WAGENBORG SHIPPING B.V. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 127 ROSEWOOD STREET PHILADELPHIA PA 19148 | MARKTSTRAAT 10 DELFZIJL  9934CK |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LISA MULLEN | WAGENBORG REDERIJ B.V. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 127 ROSEWOOD STREET PHILADELPHIA PA 19148 | MARKTSTRAAT 10 DELFZIJL  9934CK |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WAGENBORG SHIPPING NORTH AMERICA, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 500 PLACE D'ARMES SUITE 2055 MONTREAL, QUEBEC  H2A-2W2 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 11 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 20 - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | FEB 24 2015<br><br>J. OSTROWSKI | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHRISTOPHER MULLEN , LISA MULLEN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| V PAUL BUCCI II | LAFFEY, BUCCI & KENT, LLP<br>1435 WALNUT STREET<br>7TH FLOOR<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)399-9252 | (215)241-8700 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 87394 | pbucci@lbk-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| V PAUL BUCCI II | Tuesday, February 24, 2015, 01:42 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

```
      1. JOHN DOE "G"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING AG 900 STATE
STREET, SUITE 1
           ERIE PA 16501-1450
      2. JOHN DOE "F"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING AG 900 STATE
STREET, SUITE 1
           ERIE PA 16501-1450
      3. JOHN DOE "E"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING AG 900 STATE
STREET, SUITE 1
           ERIE PA 16501
      4. JOHN DOE "D"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING AG 900 STATE
STREET, SUITE 1
           ERIE PA 16501-1450
      5. JOHN DOE "C"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING AG 900 STATE
STREET, SUITE 1
           ERIE PA 16501-1450
      6. JOHN DOE "B"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING 900 STATE STREET,
SUITE 1
           ERIE PA 16501-1450
      7. JOHN DOE "A"
           C/O WAGENBORG SHIPPING NORTH A COLUMBUS SHIPPING & TRADING  900 STATE
STREET, SUITE 1
           ERIE PA 16501-1450
      8. ROYAL WAGENBORG OF THE NETHERLANDS
           MARKTSTRATT 10
           DELFZIJL  9934CK
      9. WAGENBORG SHIPPING NORTH AMERICA, INC.
           500 PLACE D'ARMES SUITE 2055
           MONTREAL, QUEBEC  H24-2W2
     10. WAGENBORG REDERIJ B.V.
           MARKTSTRAAT 10
           DELFZIJL  9934CK
     11. WAGENBORG SHIPPING B.V.
           MARKTSTRAAT 10
           DELFZIJL  9934CK
```

**LAFFEY, BUCCI & KENT, LLP**
V. Paul Bucci, II, Esquire
Identification No. 87394
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
(215) 399-9252

Filed and Attested by
PROTHONOTARY
24 FEB 2015 01:43 pm
J. OSTROWSKI

**THE MOSCHETTA LAW FIRM, P.C.**
Joseph P. Moschetta, Esquire/Stephen P. Moschetta, Esquire
Identification Nos. 05480/81495
Court Square Building
28 West Cherry Avenue
Washington, PA 15301
(724) 225-3060                                ATTORNEYS FOR PLAINTIFFS

| | | |
|---|---|---|
| CHRISTOPHER MULLEN and LISA MULLEN, h/w<br>127 Rosewood Street<br>Philadelphia, PA 19148 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiffs | : | TERM, 2015 |
| v. | : | NO. |
| WAGENBORG SHIPPING B.V.<br>Marktstraat 10<br>9934CK Delfzijl, Netherlands | : | JURY TRIAL DEMANDED |
| Defendant<br>(cont'd next page) | : | |

## NOTICE TO DEFEND

| NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>"YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>(215) 238-1701" | "Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas  expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objecciones  a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificaion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL<br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>Telefono: (215) 238-1701" |

{CLIENT FILES/8376/1/PLEAD/00047212.DOCX }

Case ID: 150202728

WAGENBORG REDERIJ B.V.                      :
Marktstraat 10                              :
9934CK Delfzijl, Netherlands                :
                                            :
                                            :
and                                         :
                                            :
                                            :
WAGENBORG SHIPPING NORTH                    :
AMERICA, INC.                               :
c/o Robert A. Gierzal, President of         :
Columbus Shipping & Trading Agency, Inc. :
900 State Street, Suite 1                   :
Erie, PA  16501-1450                        :
                                            :
                                            :
and                                         :
                                            :
                                            :
ROYAL WAGENBORG OF THE                      :
NETHERLANDS                                 :
Marktstratt 10                              :
9934CK Delfzijl, Netherlands                :
                                            :
                                            :
and                                         :
                                            :
                                            :
JOHN DOE "A"                                :
c/o Wagenborg Shipping North America,       :
Inc., Robert A. Gierzal, President          :
of Columbus Shipping & Trading Agency, :
Inc.                                        :
900 State Street, Suite 1                   :
Erie, PA  16501-1450                        :
                                            :
                                            :
and                                         :
                                            :
                                            :
JOHN DOE "B"                                :
c/o Wagenborg Shipping North America,       :
Inc., Robert A. Gierzal, President          :
of Columbus Shipping & Trading Agency, :
Inc.                                        :
900 State Street, Suite 1                   :
Erie, PA  16501-1450                        :
                                            :
                                            :
and                                         :
                                            :
                                            :
JOHN DOE "C"                                :
c/o Wagenborg Shipping North America,       :
Inc., Robert A. Gierzal, President          :
of Columbus Shipping & Trading Agency, :
Inc.                                        :
900 State Street, Suite 1                   :
Erie, PA  16501-1450                        :

{CLIENT FILES/E376/1/PLEAD/00047211.DOCX }

2

Case ID: 150202728

and                                                        :
                                                           :
JOHN DOE "D"                                               :
c/o Wagenborg Shipping North America,                      :
Inc., Robert A. Gierzal, President                         :
of Columbus Shipping & Trading Agency,                     :
Inc.                                                       :
900 State Street, Suite 1                                  :
Erie, PA  16501-1450                                       :
                                                           :
and                                                        :
                                                           :
JOHN DOE "E"                                               :
c/o Wagenborg Shipping North America,                      :
Inc., Robert A. Gierzal, President                         :
of Columbus Shipping & Trading Agency,                     :
Inc.                                                       :
900 State Street, Suite 1                                  :
Erie, PA  16501-1450                                       :
                                                           :
and                                                        :
                                                           :
JOHN DOE "F"                                               :
c/o Wagenborg Shipping North America,                      :
Inc., Robert A. Gierzal, President                         :
of Columbus Shipping & Trading Agency,                     :
Inc.                                                       :
900 State Street, Suite 1                                  :
Erie, PA  16501-1450                                       :
                                                           :
and                                                        :
                                                           :
JOHN DOE "G"                                               :
c/o Wagenborg Shipping North America,                      :
Inc., Robert A. Gierzal, President                         :
of Columbus Shipping & Trading Agency,                     :
Inc.                                                       :
900 State Street, Suite 1                                  :
Erie, PA  16501-1450                                       :
                                                           :
                            Defendants.                    :
                                                           :

## COMPLAINT IN CIVIL ACTION

Plaintiffs, CHRISTOPHER MULLEN and LISA MULLEN, his wife, claim of the

Defendants damages upon the following causes of action:

Case ID: 150202728

## JURISDICTION AND PARTIES

·1.     Plaintiffs, **CHRISTOPHER MULLEN** and **LISA MULLEN**, are husband and wife, and are citizens of Philadelphia, Philadelphia County, Pennsylvania, residing at 127 Roseberry Street, Philadelphia, PA 19148.

2.     The **M/S MORRABORG** (the "Vessel"), upon information and belief was, at the time of the incident hereinafter alleged, a Netherlands-flagged vessel traversing the waters of the United States, and in particular the Delaware River in the Port of Philadelphia, Pennsylvania, on which Plaintiff, **CHRISTOPHER MULLEN**, was injured on March 1, 2012.

3.     Defendant, **WAGENBORG SHIPPING B.V.**, upon information and belief, is a corporation organized and existing under the laws of the Netherlands and does business in the Commonwealth of Pennsylvania in which this court sits, and at the time of the subject incident, owned and operated the aforementioned Vessel on which Plaintiff, **CHRISTOPHER MULLEN**, was injured on March 1, 2012, and is responsible for Plaintiff's damages, as further discussed herein, pursuant to the Longshore & Harbor Workers Compensation Act, 33 U.S.C. §§905(b) and 933 and the General Maritime Law, for the reasons more fully set forth below. The corporate headquarters for **WAGENBORG SHIPPING B.V.** is located in the city of Delfzijl, in the province of Grogingen, and the country of The Netherlands; its address is Marktstraat 10, 9934CK Delfzijl, Netherlands.

4.     Defendant, **WAGENBORG REDERIJ B.V.**, upon information and belief, is a corporation organized and existing under the laws of the Netherlands and does business in the Commonwealth of Pennsylvania in which this court sits, and at the time of the subject incident, owned and operated the aforementioned Vessel on which Plaintiff, **CHRISTOPHER MULLEN**, was injured on March 1, 2012, and is responsible for Plaintiff's damages, as further discussed herein, pursuant to the Longshore & Harbor Workers Compensation Act, 33 U.S.C. §§905(b) and 933 and the General Maritime Law, for the reasons more fully set forth below.

Case ID: 150202728

The corporate headquarters for **WAGENBORG REDERIJ B.V.** is located in the city of Delfzijl, in the province of Grogingen, and the country of The Netherlands; its address is Marktstraat 10, 9934CK Delfzijl, Netherlands.

5.     Defendant, **WAGENBORG SHIPPING NORTH AMERICA, INC.**, upon information and belief, is a corporation organized and existing under the laws of Canada and does business in the Commonwealth of Pennsylvania in which this court sits, and at the time of the subject incident, owned and operated the aforementioned Vessel on which Plaintiff, **CHRISTOPHER MULLEN**, was injured on March 1, 2012, and is responsible for Plaintiff's damages, as further discussed herein, pursuant to the Longshore & Harbor Workers Compensation Act, 33 U.S.C. §§905(b) and 933 and the General Maritime Law, for the reasons more fully set forth below.  Defendant, **WAGENBORG SHIPPING NORTH AMERICA, INC.**, is located in the Montreal province of Quebec, Canada, with an address of 500 Place D'Armes, Suite 2055, Montreal, QC H24-2W2.  Said Defendant was and is at all times herein mentioned an international shipping company conducting and registered to do business in the Great Lake states' Maritime ports, including, among others, the Port of Cleveland and the Port of Erie, Erie County, Pennsylvania, through its registered port agent, Robert A. Gierzal, President of Columbus Shipping & Trading Agency, Inc., located at 900 State Street, Suite 1, Erie, PA 16501-1450.

6.     Defendant, **ROYAL WAGENBORG OF THE NETHERLANDS**, upon information and belief, is a corporation organized and existing under the laws of the Netherlands and does business in the Commonwealth of Pennsylvania in which this court sits, and at the time of the subject incident, owned and operated the aforementioned Vessel on which Plaintiff, **CHRISTOPHER MULLEN**, was injured on March 1, 2012, and is responsible for Plaintiff's damages, as further discussed herein, pursuant to the Longshore & Harbor Workers Compensation Act, 33 U.S.C. §§905(b) and 933 and the General Maritime Law, for the reasons

Case ID: 150202728

more fully set forth below.  The corporate headquarters for **ROYAL WAGENBORG OF THE NETHERLANDS** is located in the city of Delfzijl, in the province of Grogingen, and the country of The Netherlands; its address is Marktstraat 10, 9934CK Delfzijl, Netherlands.

7.      Defendant, **JOHN DOE "A"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not yet disclosed, was the owner of the M/S MORRABORG on which Plaintiff was injured on March 1, 2012.  Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

8.      Defendant, **JOHN DOE "B"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not yet disclosed, was the owner *pro hac vice* of the M/S Morraborg, on which Plaintiff was injured on March 1, 2012. Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

9.      Defendant, **JOHN DOE "C"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not yet disclosed, was the charterer of the M/S Morraborg, on which Plaintiff was injured on March 1, 2012.  Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

10.      Defendant, **JOHN DOE "D"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not yet disclosed, was the operator of the M/S Morraborg, on which Plaintiff was injured on March 1, 2012.  Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

11.      Defendant, **JOHN DOE "E"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not disclosed, was the manager of the M/S Morraborg, on which Plaintiff was injured on March 1, 2012.  Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

Case ID: 150202728

12.     Defendant, **JOHN DOE "F"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not disclosed, possessed the M/S Morraborg, on which Plaintiff was injured on March 1, 2012. Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

13.     Defendant, **JOHN DOE "G"**, whose identity is currently unknown, but is ascertainable from information only the Defendants possess and have not disclosed, controlled the M/S Morraborg, on which Plaintiff was injured on March 1, 2012. Plaintiffs will timely substitute the names of the correct entities upon their being disclosed to Plaintiffs.

## FACTS

14.     This action occurred in Philadelphia, Philadelphia County, Pennsylvania, within the jurisdiction of this Court.

15.     Unless otherwise indicated, Defendants, Wagenborg Shipping B.V., Wagenborg Rederij B.V, Wagenborg Shipping North America, Inc, and Royal Wagenborg of the Netherlands shall be collectively referred to hereinafter as "Wagenborg Shipping."

16.     At all times herein mentioned herein, Defendants, Wagenborg Shipping, Wagenborg Rederij B.V. and Wagenborg Shipping North America, Inc. were and are divisions and/or wholly owned subsidiaries of Royal Wagenborg of The Netherlands.

17.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping" were the owners of the Vessel M/S Morraborg engaged in coastwise, inter-coastal and foreign commerce.

18.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping" were the owners *pro hac vice* of the Vessel M/S Morraborg engaged in coastwise, inter-coastal foreign commerce.

Case ID: 150202728

19.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping" possessed the Vessel M/S Morraborg in coastwise, inter-coastal and foreign commerce.

20.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping" operated the Vessel M/S Morraborg in coastwise, inter-coastal and foreign commerce.

21.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping," managed the Vessel M/S Morraborg in coastwise, inter-coastal and foreign commerce.

22.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping," controlled the Vessel M/S Morraborg in coastwise, inter-coastal and foreign commerce.

23.     Upon information and belief, at all times material hereto, Defendants, "Wagenborg Shipping," were the charterer (bareboat charterer and/or time charterer), and/or were the owners *pro hac vice* of the Vessel M/S Morraborg engaged in coastwise, inter-coastal foreign commerce.

24.     At all times relevant hereto, Defendants, "Wagenborg Shipping" and/or John Doe "A" through "G" owned, operated, directed, controlled, managed and caused to be navigated and maintained in commercial navigation on the navigable waters of the United States, including the Delaware River, motor-powered vessels, including others, the Vessel M/S Morraborg.

25.     At all times relevant hereto, Plaintiff, Christopher Mullen, was employed by J&H Stevedoring at its Pier 80 Complex on the Delaware River within the Port of Philadelphia, Pennsylvania, in the capacity of a Longshore or Harbor Worker within the meaning of the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq.*

26.     On or about March 1, 2012, Plaintiff, Christopher Mullen – after assisting in unloading cargo from the Vessel M/S Morraborg moored at the J&H Stevedoring facility – was directed by his employer to exit the cargo unloading area of the Vessel to take a break when he was caused to slip and fall from a vertical steel ladder as he was descending said ladder from the second deck to the first deck resulting in personal injuries, disabilities and damages as more fully set forth below.

27.     As a direct and proximate result of the occurrence and joint and/or several negligence and fault of the Defendants named herein and as set forth herein below, Plaintiff, Christopher Mullen, was caused to be, and did sustain personal injuries, damages and permanent impairment, including among others, as follows: serious and permanent injuries, including, but not limited to bruises and contusions to the thoracic and lumbar spine, as well as to the chest and ribs, disc bulging, disc protrusion, disc herniation, permanent nerve damage that includes, but is not limited to impingement and other injuries, spinal stenosis, and radiculitis at the areas of C5-C6, L4-L5, L5-S1 and/or T6-T7, all of which required surgical intervention that included an anterior cervical discectomy and fusion and cervical epidural and intralaminar injections, and other injuries all of which may be permanent in nature.

28.     As a direct and proximate result of the conduct of defendants, Plaintiff, Christopher Mullen, has in the past required and continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing and rehabilitation in attempt to alleviate and/or cure his condition.

29.     As a direct and proximate result of the conduct of the defendants, Plaintiff, Christopher Mullen, has in the past, and continues to suffer pain, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to

9

Case ID: 150202728

enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

30.     As a direct and proximate result of the conduct of defendants, Plaintiff, Christopher Mullen, has been prevented and will be prevented in the future from performing his usual duties, activities, occupations and avocations and has suffered a loss of earnings and will suffer, in the future, a loss of earning capacity.

31.     As a direct result of his injuries, Plaintiff, Christopher Mullen, suffered permanent impairments and has been otherwise damaged, including pain and suffering, inconvenience, mental anguish, past and future; loss of earnings and impairment of earning power, past and future; loss of enjoyments of life and well-being, past and future, and the costs of medical and hospital services, past and future.

## COUNT I
### Plaintiff, Christopher Mullen v. All Defendants

32.     Paragraphs 1 through 31 are incorporated herein by reference.

33.     On or about March 1, 2012, (hereinafter, "the incident date"), Plaintiff, Christopher Mullen, was employed by J&H Stevedoring at its Pier 80 facility in the capacity of General Longshoreman.   On the incident date, Plaintiff was working in the course of his employment and was required to and/or was directed to board the Vessel.   At that time, Plaintiff was, and remains, a covered employee within the meaning of the Longshore & Harbor Workers Compensation Act, 33 U.S.C §901 *et seq*.   On the incident date, he was caused to sustain serious personal injuries.

34.     On the incident date, Plaintiff, Christopher Mullen, after assisting in unloading cargo from the M/S Morraborg, moored at the J&H Stevedoring facility; Plaintiff was directed by his employer to exit the cargo unloading area of the ship to take break when he was caused to

Case ID: 150202728

slip and fall off a vertical steel ladder between the first and second decks, and fall onto the first deck resulting in personal injuries, disabilities and damages as more fully set forth below.

     35.   This incident and the permanent injuries and damages to Plaintiff occurred – without any contributing fault or neglect on the part of the Plaintiff – because of the unsafe conditions of the Vessel and the negligence on the part of Defendants, Wagenborg Shipping and John Does "A", "B", "C", "D", "E", "F", and "G" in their own right and by and through their agents, servants, workmen and/or employees, acting within the course and scope of their employment, and as owner, charterer and/or owner *pro hac vice* of the said Vessel, any or all of which are responsible under the dictates of the Longshore & Harbor Workers Compensation Act, 33 U.S.C. §§905(b) and 933 and the General Maritime Law of the United States as follows:

      i)     AS TO THE UNSAFE CONDITIONS THAT EXISTED ON THE "VESSEL":

         a)    Because the rungs on the vertical steel ladder leading from the first deck to the second deck were smooth and slippery and were not coated with anti-skid paint or other slip-resistant substance;

         b)    Because of the oil intermittently dripping from the defective equipment on to the second deck;

         c)    Because of accumulations of the rain water on the second deck together with the oil that had leaked onto the second deck,

         d)    Because the second deck was not maintained with anti-skid paint or other slip-resistant substances;

         e)    Because the vertical marine ladder was not maintained with protective coating appropriate to its location requirements (outdoor ladder affixed to the side of the Vessel);

         f)    Because the ladder was not free from defects likely to cause injury to persons using the ladder;

         g)    Because the ladder does not extend above the second deck which would prevent Longshoreman/crew members from safely mounting the rungs of the ladder, thereby creating a fall hazard; and

         h)    Any unsafe conditions of the vessel which becomes known during the course of discovery or at trial.

Case ID: 150202728

ii)   AS TO NEGLIEGENCE OF DEFENDANTS BY THEIR AGENTS, SERVANTS, EMPLOYEES, AND MASTER AND CREW OF THE VESSEL:

a)   Due to inadequate warnings, inadequate equipment and the inherently dangerous conditions of the Vessel;

b)   By statutory and regulatory violations, including the violation of the ISM Code and ISO Code and other related enactments;

c)   To keep and maintain the walking and climbing surfaces, including the ladder, in a good and safe condition so that the walking surfaces and ladder should not become unsafe, dangerous and hazardous for business invitees;

d)   Provide Plaintiff with a safe place to work or a safe means to do the required work aboard said Vessels and not adopt unsafe work methods;

e)   Prevent exposure of Plaintiff to unnecessary risks of harm and injury by providing a ship with slippery deck surface and unsafe ladder;

f)   Failing to inspect and maintain the deck surfaces and ladder in a good and safe condition, with non-skid deck material and a ladder which is reasonably fit for descending leading from the second to the first deck of the Vessel and free from other obstructions.

g)   Said Defendants, in their own right and as owner and/or owner *pro hac vice* of the subject Vessel are liable by reason of the aforesaid facts alleged above and as may be determined in the course of discovery, and the injuries sustained by the Plaintiff were the direct and proximate result of the negligence of the subject Vessel, and their owners and/or owners *pro hac vice*;

h)   In violating the provisions of the Occupational Safety and Health Act of the United States of America and other applicable statutes relating to employees safety;

i)   In failing to inspect and maintain the deck surfaces and ladder in a good and safe condition, with non-skid deck material and a ladder which is reasonably fit for descending the ladder from the second deck to the first deck of the Vessel and free from other obstructions

j)   Negligence at law; and

k)   Any area of negligence which becomes known during the course of discovery or at trial.

36.   The lack of non-skid material on the rungs of the said ladder, as well as the accumulation of oil from the defective equipment and rain water on the second deck was not,

{CLIENT FILE/W8536/I/PLEAD/0047212.DOCX }

12

Case ID: 150202728

known or obvious to the Plaintiff, therefore, Defendants failed at the time the stevedore began work to exercise ordinary care under the circumstances to turn over a reasonably safe Vessel, equipment and work space so that a reasonably competent stevedore could safely perform cargo operations.

37.     As an addition or as an alternative to the prior paragraph, the lack of non-skid material on the rungs of said ladder, as well as the accumulation of oil from the defective equipment and rain water on the second deck, was not known or obvious to the Plaintiff stevedore, and Defendants knew or should have known of the failure to have non-skid surfaces protected from leaking oil places the stevedore at an increased risk of harm from slip and fall accident. Therefore, Defendants, in causing/allowing the dangerous condition to exist and remain – about which Plaintiff did not know and which was not obvious to Plaintiff but about which Defendants knew or should have known – failed in their duty supplementary to the duty to turn over the ship in a safe condition to warn the stevedore of any hazards or hidden defects.

38.     As an addition or as an alternative to paragraphs 36 and 37, Defendants actively involved themselves in cargo operations, therefore, Defendants, in allowing the dangerous condition of the said ladder, second deck and leaking equipment to be and remain on said Vessel – about which Plaintiff did not know and which was not obvious to Plaintiff – are liable for negligently injuring Plaintiff.

39.     As an addition or as an alternative to paragraphs 36, 37 and 38, Defendants had active control over the defective equipment on the second deck that was leaking oil and said ladder and therefore are liable for failing to exercise due care to avoid exposing Plaintiff to harm from the hazardous ladder surfaces, second deck and leaking equipment Plaintiff encountered in the area under the active control of Defendants during the stevedoring operation.

40.     As an alternative to paragraphs 38 and 39, and as an addition or as an alternative to paragraphs 38 and 39, the defective surfaces of the said ladder, second deck and leaking

Case ID: 150202728

equipment was an open and obvious danger, however, Defendants had actual knowledge of the danger and actual knowledge that they could not rely on the stevedore to correct the situation, therefore, Defendants are liable for not intervening before Plaintiff's fall as alleged above.

41.     As an addition or as an alternative to paragraphs 36, 37, 38, 39 and 40, a duty is imposed on Defendants by contract, positive law or custom to supervise and inspect the stevedore's work to discover dangerous conditions that develop within the confines of cargo operations that are assigned by the stevedore, and Defendants breached that duty by virtue of the oil leaking from defective equipment on the second deck, the failure to apply non-skid material to the decks and subject ladder, as set forth in paragraph 36 above, which caused Plaintiff to slip on the defective ladder and fall as alleged above.

42.     As a direct and proximate result of the unsafe conditions that existed on the Vessel and the negligence of the said Defendants as described above, Plaintiff was caused to suffer serious, severe and permanent injuries and damages as herein above set forth.

WHEREFORE, Plaintiffs, **CHRISTOPHER and LISA MULLEN**, h/w, demand judgment against Defendants, **WAGENBORD SHIPPING B.V., WAGENBORG REDERIJ B.V., WAGENBORG SHIPPING NORTH AMERICA, INC.,** and **ROYAL WAGENBORG OF THE NETHERLANDS**, jointly and/or severally under the above causes of action for an amount in excess of Fifty Thousand Dollars ($50,00000) in compensatory damages, plus delay damages, interest and costs.

## COUNT II
### Plaintiff, Lisa Mullen v. All Defendants

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     Plaintiff, Lisa Mullen, is the spouse of the injured Plaintiff, Christopher Mullen.

45.     Solely as a result of the joint and/or several negligence of the Defendants, or based upon such other sustainable theory of liability, herein, Plaintiff, Lisa Mullen, lost the

Case ID: 150202728

services, society and consortium of her husband and has been damaged in a sum to be determined by the trier of fact to be fair and reasonable, plus for such costs, fees and interests as are warranted.

WHEREFORE, Plaintiffs, **CHRISTOPHER and LISA MULLEN, h/w,** demand judgment against Defendants, **WAGENBORD SHIPPING B.V., WAGENBORG REDERIJ B.V., WAGENBORG SHIPPING NORTH AMERICA, INC.,** and **ROYAL WAGENBORG OF THE NETHERLANDS,** jointly and/or severally under the above causes of action for an amount in excess of Fifty Thousand Dollars ($50,00000) in compensatory damages, plus delay damages, interest and costs.

LAFFEY, BUCCI & KENT, LLP

By:      /s/ V. Paul Bucci, II
           V. Paul Bucci, II, Esquire
           Attorney for Plaintiffs

THE MOSCHETTA LAW FIRM

By:      /s/ Joseph P. Moschetta
           Joseph P. Moschetta, Esquire
           Attorney for Plaintiffs

By:      /s/ Stephen P. Moschetta
           Stephen P. Moschetta, Esquire
           Attorney for Plaintiffs

Date:   February 24, 2015

Case ID: 150202728

**VERIFICATION**

I verify that I am the Plaintiff in the within Complaint - Civil Action and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_Christopher Mullen_

CHRISTOPHER MULLEN

Dated: _2/3/15_

Case ID: 150202728

Cour des plaids communs du comté de Philadelphie
Division de première instance

# Feuille de couverture civile

Pour utilisation protonotaire seulement (nombre dossier)

## FÉVRIER 2015                              002728

Nombre E-Filing 1502047816

| | |
|---|---|
| **NOM DU PLAIGNANT**<br>CHRISTOPHER MULLEN | **NOM DU DÉFENDEUR**<br>Wagenborg Shipping BV |
| **ADRESSE DU PLAIGNANT**<br>127 ROSEWOOD STREET<br>PHILADELPHIA PA 19148 | **ADRESSE DU DÉFENDEUR**<br>MARKTSTRAAT 10<br>DELFZIJI, 9934CK |
| **NOM DU DEMANDEUR**<br>LISA MULLEN | **NOM DU DÉFENDEUR**<br>WAGENBORG REDERIJ BV |
| **ADRESSE DU DEMANDEUR**<br>127 ROSEWOOD STREET<br>PHILADELPHIA PA 19148 | **ADRESSE OU DÉFENDEUR**<br>MARKTSTRAAT 10<br>DELFZIJL 99340K |
| **NOM DU DEMANDEUR** | **NOM DU DÉFENDEUR**<br>WAGENBORG SHIPPING NORTH AMERICA, INC. |
| **ADRESSE DU PLAIGNANT** | **ADRESSE du défendeur**<br>500 PLACE D'ARMES SUITE 2055<br>MONTREAL, QUEBEC H24-2W2 |

| NOMBRE TOTAL DE DEMANDEURS | NOMBRE TOTAL DE DEFENDEURS | DÉBUT DE L'ACTION |
|---|---|---|
| 2 | 11 | ☒ Plainte   ☐ Action pétition                    ☐ Avis de comparition<br>☐ Bref d'assignation   ☐ Transfert d'autres juridictions |

| MONTANT EN LITIGE | PROGRAMMES COURTES | | | |
|---|---|---|---|---|
| ☐ 50,000.00$ ou moins<br>☒ → Plus de 50,000.00$ | ☐ Arbitrage<br>☒ Jury<br>☐ Non-Jury | ☐ Tort masse<br>☐ Action en-Litique<br>☐ Pétition | ☐ Commerce<br>☐ Cour d'appel mineur<br>☐ Commissaires aux appels | ☐ Règlement<br>☐ Mineurs<br>☐ W/D/Survie |

**TYPE DE CAS ET CODE**
20 - BLESSURES - AUTRES

**BASE LÉGALE POUR LA CAUSE D'ACTION**

| AFFAIRES PENDANTES CONNEXES (LISTE PAR CAS LÉGENDE ET NUMÉRO DE DOSSIER) | **DÉPOSÉE**<br>**PROPROTHY**<br>Février **24** 2015<br>**J. OSTROWSKI** | EST-IL LE CAS SOUMIS À L'ORDRE DE LA COORDINATION?<br>OUI          NON |
|---|---|---|

**AU PROTONOTAIRE:**

Veuillez saisir mon apparence au nom des demandeur/requérant/appelant     CHRISTOPHER MULLEN, LISA MULLEN

documents peuvent être signifiés à l'adresse indiquée ci-dessous.

| NOM DE L'AVOCAT DE LA DEMANDERESSE/DE LA PÉTITIONNAIRE/DE L'APPELANT | ADRESSE |
|---|---|
| V PAUL BUCCI II | LAFFEY, BUCCI & KENT, LLP<br>1435 WALNUT |
| **Numéro de téléphone :** (215)399-9252 | **Numéro de télécopie,** (215)241-8700 | STREET, 7E<br>ÉTAGE<br>PHILADELPHIA PA 19102 |
| **IDENTIFICATION DE LA COUR SUPRÊME NO.**<br>87394 | **Adresse e-mail**<br>pbucci@lbk-law.com |
| **SIGNATURE DU PROCUREUR DE DÉPÔT OU PARTIE**<br>V PAUL BUCCI II | **Date de soumission**<br>Mardi, 24 Février 2015 13:42 |

COPIE FINALE  (Approuvé par le greffier protonotaire)

## LISTE COMPLÈTE DES ACCUSES:

1 .      JOHN DOE "G"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING AG 900    ETAT
    RUE SUITE 1
         ERIE PA -16501-1450 -
    2 .    JOHN DOE "F"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING AG 900    ETAT
    RUE SUITE 1
         ERIE PA 16501-1450
3 .      JOHN DOE "F"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING AG 900    ETAT
    RUE SUITE 1
         ERIE PA 16501-1450
4 .      JOHN DOE "D"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING AG 900    ETAT
    RUE SUITE 1
         ERIE PA 16501-1450
5 .      JOHN DOE "C"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING AG 900    ETAT
    RUE SUITE 1
         ERIE PA 16501-1450
6 .      JOHN DOE "B"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING 900         ETAT RUE,
SUITE 1
         ERIE PA 16501-1450
7 .      JOHN DOE "A"
         C/O WAGENBORG SHIPPING NORD A COLUMBUS     EXPÉDITIONS    &    TRADING 900 ÉTAT
    RUE SUITE 1
         ERIE PA 16501-1450
8 .      ROYAL WAGENBORG DES PAYS-BAS
         MARKTSTRATT 10
         DELFZIJL 99340K
9 .      WAGENBORG SHIPPING AMÉRIQUE DU NORD, INC.
         500 PLACE D'ARMES SUITE 2055
         MONTREAL, QUEBEC H24-2W2
    1 0 WAGENBORG REDERIJ BV
         MARKTSTRATT 10
         DELFZIJL 9934CK
    1 1 WAGENBORG SHIPPING BV
         MARKTSTRATT 10
         DELFZIJL 9934CK

*Classé et attestée par*
*PROTONOTAIRE*
*24 FEB 2015 13:42*
*J. Ostrowsky*

**LAFFEY BUCCI & KENT, LLP**
V. Paul Bucci, Il, Esquire
N ° d'identification 87394
1435 Walnut Street, 7ᵉ Étage
Philadelphie¯, PA 19102
(215)399-9252

**MOSCHETTA Law Firm, PC**
Joseph P. Moschetta, Esquire / Stephen P, Moschetta, Esquire
Identification Nos. 05480/81495
Cour Square Building
28 West avenue Cherry
Washington, PA 153 01                         AVOCATS POUR LES

| | | |
|---|---|---|
| CHRISTOPHER MULLEN et LISA MULLEN, h/w<br>127 rue Rosewood<br>Philadelphie, PA 19148 | : <br> : <br> : <br> : | Cour des plaids communs du comté de Philadelphie |
| Demandeurs | : <br> : | TERME, 2015 |
| V. | : <br> : | N° |
| Wagenborg Shipping BV Marktstraat 10<br>9934CK Delfzijl, Pays-Bas | : <br> : | JURY PROCÈS EXIGE |
| Défendeur<br>(Suite page suivante) | : <br> : | |

## AVIS DE DÉFENDRE

### AVIS

Vous avez été poursuivi en justice. Si vous souhaitez défendre contre les allégations énoncées dans les pages suivantes, vous devez prendre des mesures dans les vingt (20) jours après cette plainte et l'avis sont servis, en entrant un acte de comparution en personne ou par un avocat et en le déposant par écrit auprès du tribunal vos défenses ou des objections aux revendications énoncées contre vous. Vous êtes averti que si vous omettez de le faire soit la facilité peut procéder sans vous et un jugement peut être rendu contre vous par le tribunal sans préavis pour l'argent dans la plainte ou pour toute autre réclamation ou redressement demandé par le demandeur. Vous pouvez perdre de l'argent ou des biens ou d'autres droits importants pour vous. VOUS DEVEZ PRENDRE CE PAPIER A VOTRE AVOCAT À LA FOIS. SI VOUS N'AVEZ PAS UN AVOCAT OU. NE PEUVENT SE PERMETTRE UN, ALLER À OU APPELER LE BUREAU INDIQUÉ CI-DESSOUS POUR SAVOIR OÙ VOUS POUVEZ OBTENIR DE L'AIDE JURIDIQUE.

PHILADELPHIA ASSOCIATION DU BARREAU AVOCAT

### AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
Teléfono (215) 238-1701"

(724) 225-3060

{PLEDINGS CLIENT/DEMAN/PLEADDOCS/73 13. DOCX}

ID Cas: 150202728

WAGENBORG REDERIJ B.V. :
Marktstraat 10 :
9934CK Delfzijl, Pays-Bas :
 :
Et :
 :
WAGENBORG SHIPPING NORTH :
AMERICA, INC. :
Robert A. faire Gierzal, Président de :
Columbus Expédition & Trading Agency, :
Inc.: :
900 State Street, Suite 1 :
ERIE PA 16501-1450 :
 :
Et :
 :
ROYAL WAGENBORG DES PAYS-BAS .
MARKTSTRATT 10 .
9934CK Delfzijl, Pays-Bas .
 :
Et :
 :
JOHN DOE "A" :
c/o Wagenhorg Shipping North America, :
Inc., Robert A. Gierzal, Président de :
Columbus Shipping & Trading Agency,: :
 :
900 State Street, Suite 1 :
Erie, PA 16501-1450 :
 :
Et :
 :
JOHN DOE "B" :
c/o Wagenborg Shipping Amérique du Nord, :
Inc., Robert A. Gierzal, président :
de Columbus Shipping & Trading Agency,: :
Inc. :
900 State Street, Suite 1 :
ERIE PA 16501-1450 :
 :
Et :
 :
JOHN DOE "C" :
c/o Wagenborg Shipping Amérique du Nord, :
Inc., Robert A. Gierzal, président :
de Columbus Shipping & Trading Agency,: :
Inc. :
900 State Street, Suite 1 :
ERIE PA 16501-1450 :

{FICTITIOUS CLIENT 8.167 6 / 1 PPLEAD, nesti le el deux DOCX}2

Et :

JOHN DOE "D" :
Wagenborg Shipping North America, Inc. :
Inc., Robert A. Gierzal, Président :
De Columbus Shipping & Trading Agency, :
Inc.
900 State Street, Suite 1 :
Erie, Pa 165014450 :

Et :

JOHN DOE "E" :
c/o Wagenborg Shipping Amérique du Nord, :
Inc., Robert A. Gierzal, président :
de Columbus Shipping & Trading Agency, :
Inc.
900 State Street, Suite 1 :
ERIE PA 16501-1450 :

Et :

JOHN DOE "F" :
c/o Wagenborg Shipping Amérique du Nord, :
Inc., Robert A. Gierzal, président :
de Columbus Shipping & Trading Agency, :
Inc.
900 State Street, Suite 1 :
ERIE PA 16501-1450

Et :

JOHN DOE "G" :
c/o Wagenborg Shipping Amérique du Nord, :
Inc., Robert A. Gierzal, président :
de Columbus Shipping & Trading Agency, :
Inc.
900 State Street, Suite 1 :
Erie, PA 165014450 :

:
Défendeurs. :

## PLAINTE EN ACTION CIVILE

Les demandeurs, CHRISTOPHER MULLEN et LISA MULLEN, sa femme, faire

réclamation des défendeurs dommages sur les causes suivantes d'action

ID Cas: 150202728

## COMPETENCE ET PARTIES

1, → Demandeurs, **CHRISTOPHER MULLEN** et **LISA MULLEN**, Sont mari et femme, et qui sont citoyens o Philadelphie, Philadelphie Comte, Pennsylvanie, demeurant à 127, rue Roseberry, Philadelphie, PA 19148.

2.     **M/S MORRABORG** (Le «navire»), sur l'information et la croyance était, à la moment de l'incident allégué ci-après, un navire battant pavillon des Pays-Bas traversant les eaux des États-Unis, et en particulier la rivière Delaware dans le port de Philadelphie, en Pennsylvanie, où la demanderesse **CHRISTOPHER MULLEN**, A été blessé sur Mars 1, de 2012.

3.     Partie défenderesse, **Wagenborg Shipping BV**, Sur. information et de conviction, est une société organisée et existant sous les lois des Pays-Bas et fait des affaires dans le Commonwealth de Pennsylvanie dans lesquelles ce tribunal siège, et au moment de l'incident en question, détenue et exploitée navire susmentionné sur laquelle la demanderesse, **CHRISTOPHER MULLEN**, A été blessé le 1er Mars 2012, et est responsable de demandeurs dommages, comme expliqué ici, conformément à la Loi sur les accidents débardeurs & Harbour Workers, 33 USC §§905 (b) et 933 et du droit maritime général, pour les raisons plus amplement ci-dessous. Le siège social de **Wagenborg Shipping BV** est situé dans la ville de Delfzijl, dans la province de Grogingen, et le pays des Pays-Bas; son adresse est Marktstraat 10, 9934CK Delfzijl, Pays-Bas.

4.     La partie défenderesse, **Wagenborg rederij RV.**, Sur l'information et de conviction, est un société organisée et existant sous les lois des Pays-Bas et fait des affaires dans le Commonwealth de Pennsylvanie dans lesquelles ce tribunal siège, et au moment de l'incident en question, détenue et exploitée navire susmentionné sur laquelle la demanderesse, **CHRISTOPHER MULLEN**, A été blessé le 1er Mars 2012, et est responsable de demandeurs dommages, comme expliqué ici, conformément à la Loi sur les accidents débardeurs & Harbour Workers, 33 USC §§905 (b) et 933 et du droit maritime général, pour les raisons plus amplement ci-dessous.

ID Cas: 150202728

Le siège social de **Wagenborg REDERLI BV** est situé dans la ville de Delfzijl, dans la province de Grogingen, et le pays des Pays-Bas; son adresse est Marktstraat·10,· 9934 CK Delfzijl, Pays-Bas.

      5.    Partie défenderesse, **Wagenborg Shipping AMÉRIQUE DU NORD, INC.,** Sur information et de conviction, est une société constituée en vertu des lois du Canada et exerce ses activités dans le Commonwealth. de Pennsylvanie ·dont ce tribunal siège, et au moment de l'incident en question, détenue et exploitée navire susmentionné sur laquelle la demanderesse, **CHRISTOPHER MULLEN,** A été blessé le 1er Mars 2012, et est responsable des dommages de la demanderesse, comme expliqué ici, conformément à la Longshore *&* Loi sur l'indemnisation des travailleurs portuaires, 33 U, SC §§905 (b) et 933 et du droit maritime général, pour les raisons exposés plus en détail ci-dessous. Partie défenderesse, **Wagenborg Shipping AMÉRIQUE DU NORD, INC.,** Est situé dans la province de Québec, Canada Montréal, avec une adresse de 500 Place D'Armes, bureau 2055, Montréal, QC H24-2W2. Dit défendeur était et est à tout moment les présentes mentionné une compagnie maritime internationale conduite et enregistré pour faire des affaires dans les ports maritimes des États des Grands Lacs, y compris, entre autres, le port de Cleveland et le port de Erie, Erie County, en Pennsylvanie, à travers son agent enregistré le port, Robert A. Gierzal, Président de Columbus Expédition & Trading Agency, Inc., situé au 900, State Street, Suite 1, Erie, PA 16501-1450.

      6.    Partie défenderesse, **ROYAL Wagenborg DES PAYS-BAS,** Sur l'information et la croyance, est une société organisée et existant sous les lois des Pays-Bas et exerce ses activités dans le Commonwealth de Pennsylvanie dans lesquelles ce tribunal siège, et au moment de l'incident en question, détenue et exploitée navire susmentionné sur laquelle la demanderesse **CHRISTOPHER MULLEN,** A été blessé le 1er Mars 2012, et est responsable des dommages de la demanderesse, comme expliqué ici, conformément à la *Longshore & Harbor Workers Compensation Act,* 33 des États-Unis, C, §§905 (b) et 933 et du droit maritime général, pour les raisons

ID Cas: 150202728

Plus amplement ci-dessous. Le siège social de **ROYAL Wagenborg DES PAYS-BAS** est situé dans la ville de Delfzijl, dans la province de Grogingen, et le pays des Pays-Bas; - son adresse est Marktstraat 10, 9934CK Delfzijl, Pays-Bas.

7.       Partie défenderesse, **JOHN DOE "A"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas encore divulgué, était le propriétaire du MJS l'AORRABORG sur lequel la demanderesse a été blessé sur Mars 1, de 2012. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants.

8.       Partie défenderesse, **JOHN DOE "B"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas encore divulgué, était le propriétaire *pro hac vice* du M/S Morraborg, sur lequel la demanderesse a été blessé sur Mars 1, de 2012. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants.

9.       Partie défenderesse, **JOHN DOE "C"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas encore divulgué, était l'affréteur du MJS Morraborg, sur lequel la demanderesse a été blessé sur Mars 1, de 2012. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants.

10.      Partie défenderesse, **JOHN DOE "D"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas encore divulgué, était l'opérateur du M/S Morraborg, sur lequel la demanderesse a été blessé. sur Mars 1, de 2012. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants

11.   Partie défenderesse, **JOHN DOE "E"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas révélé, était le directeur de la .M/S Morraborg, sur lequel la demanderesse a été blessé sur Mars 1, de 2012. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants.

12.   Partie défenderesse, **JOHN DOE "F"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas révélé, possédé le M/S Morraborg, sur lequel la demanderesse a été blessé sur Mars ´1, 201´2. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants.

13.   Partie défenderesse, **JOHN DOE "G"**, Dont l'identité est actuellement inconnue, mais est vérifiable à partir des informations que les défendeurs possèdent et ne ont pas révélé, contrôlait la M/S Morraborg, sur lequel la demanderesse a été blessé sur Mars 1, de 2012. Les demandeurs seront en temps opportun substituer les noms des entités correctes sur leur divulgation aux plaignants.

### LES FAITS

14.   Cette action a eu lieu à Philadelphie, Comte de Philadelphie, Pennsylvanie, relevant de la compétence de cette Cour.

15.   Sauf indication contraire, les défendeurs, Wagenborg Shipping BV, Wagenborg Rederij BV, Wagenborg Shipping Amérique du Nord, Inc, et Royal Wagenborg des Pays-Bas seront collectivement désignés ci-après "Wagenborg Shipping."

16.   En tout temps ici mentionnés dans ce document, les défendeurs, Wagenborg Shipping, Wagenborg Rederij BV et Wagenborg Shipping North America, Inc. ont été et sont les divisions et / ou filiales en propriété exclusive de Royal Wagenborg des Pays-Bas.

.7

ID Cas: 150202728

17. Sur la foi de renseignements, à tout moment au présent matériau, les défendeurs, 'Wagenborg Shipping "étaient les propriétaires du navire M/S Morraborg engagé dans cabotage, commeree inter-côtière et étrangers

18. Sur la foi de renseignements, à tout moment au présent matériau, les défendeurs, "Wagenborg Shipping" étaient les propriétaires *pro! nous vice-* du navire M/S Morraborg engagé dans cabotage, le commerce extérieur inter-côtier.

19. Sur la foi de renseignements, à tout moment aux présentes de matériel, les défendeurs, "Wagenborg Shipping" possédait le navire M/S Morraborg au cabotage, le commerce inter-côtière et à l'étranger.

20. Sur la foi de renseignements, à tout moment aux présentes de matériel, les défendeurs, "Wagenborg Shipping" possédait le navire M/S Morraborg au cabotage, le commerce inter-côtière et à l'étranger.

21. Sur la foi de renseignements, à tout moment aux présentes de matériel, les défendeurs, "Wagenborg Shipping" possédait le navire M/S Morraborg au cabotage, le commerce inter-côtière et à l'étranger.

22. Sur la foi de renseignements, à tout moment aux présentes de matériel, les défendeurs, "Wagenborg Shipping" possédait le navire M/S Morraborg au cabotage, le commerce inter-côtière et à l'étranger.

23. Sur la foi de renseignements, à tout moment aux présentes de matériel, les défendeurs, "Wagenborg Shipping," était l'affréteur (affréteur coque nue, et / ou l'affréteur à temps), et / ou étaient les propriétaires *pro hac vice* du navire M/S IVIorraborg engagé dans cabotage, le commerce extérieur inter-côtière.

24. À tous dîne présentes pertinente, les défendeurs, "Wagenborg Shipping» et/ou John Doe "A" à "G" possédé, exploité, dirigées, contrôlées, gérées et amené à être navigué et maintenu dans la navigation commerciale sur les eaux navigables des États- Unis, y compris la rivière Delaware, bateaux à moteur à propulsion, y compris d'autres, le navire M/S Morraborg.

25.     A tout moment de aux présentes pertinente, le demandeur, Christopher Mullen, a été employé par J & H Arrimage à sa Pier 80 Complexe sur le fleuve Delaware dans le port de Philadelphie, en Pennsylvanie, dans la capacité d'un Longshore ou Port travailleur au sens de la Longshore & Port Workers 'Compensation Act, 33 USC §901, *et suivants.*

26.     • Le 1er Mars 2012, le demandeur ou le sujet, Christopher Mullen - après avoir assisté au déchargement de la cargaison du navire M/S Morraborg amarré au J & 11 installation d'arrimage - a été réalisé par son -employer à sortie- la -zone déchargement de marchandises de la Navire de prendre une pause quand il a été amené à glisser et de tomber d'une échelle en acier verticale comme il descendait ladite échelle de la deuxième plate-forme pour le premier pont causer des blessures, les incapacités et les dommages que plus amplement ci-dessous.

27.     En conséquence directe et immédiate de l'apparition et de la négligence commune et/ou plusieurs fautes des défendeurs nommés ici et *comme* énoncées dans les présentes ci-dessous, le demandeur, Christopher Mullen, a été amené à être, et ne subissent des blessures personnelles, dommages et déficience permanente, y compris entre autres, les suivants: blessures graves et permanents, y compris, mais non limité à des ecchymoses et des contusions au thorax et la colonne vertébrale lombaire, ainsi que de la poitrine et des côtes, disque bombé, protrusion discale, disc hernie, des lésions nerveuses permanentes qui inclut, mais ne est pas limité à l'impact et d'autres blessures, la sténose spinale, et radiculite au niveau des zones de C5-C6 , L4-L5, L5-S1 et/ou T6-T7, qui a nécessité une intervention chirurgicale qui comprend une disectomie cervicale antérieure et fusion et épidurale cervicale et intra laminaires injections, et d'autres blessures qui peuvent tous être de nature permanente.

28.     En conséquence directe et immédiate de la conduite des défendeurs, le demandeur; Christopher Mullen, a dans le passé exigé et continue d'exiger, et peut à l'avenir exiger, traitements et soins médicaux, et a dans le passé, continue actuellement, et pourrait à l'avenir assumer le coût des médicaments, les soins médicaux, les hospitalisations, le traitement, les opérations futures, les tests et la réhabilitation pour tenter de soulager et/ou guérir son état.

ID Cas: 150202728

29.     En conséquence directe et immédiate de la conduite des défendeurs, le demandeur, Christopher Mullen, a, dans le passé, et continue à souffrir la douleur, les cicatrices, la défiguration, la perte de l'indépendance, de l'angoisse mentale, l'humiliation, la gêne, la peur, la perte de bien-être étant, l'incapacité de profiter des plaisirs normaux de la vie, et des restrictions sur sa capacité à s'engager dans des activités normales et plaisirs de la vie, et d'autres pertes intangibles.

30ᵃ. - En tant que résultat direct et à proximité -de -la conduite des défendeurs, le demandeur, Christopher Mullen, a été empêché et sera empêché à l'avenir d'exercer ses fonctions habituelles, les activités, les professions et les occupations et a subi une perte de revenus et vont souffrir, à l'avenir, une perte de capacité de gain,

31.     Comme conséquence directe de ses blessures, le demandeur, Christopher Mullen, a subi une déficience permanente et a été endommagé autrement, y compris la douleur et la souffrance, les inconvénients, l'angoisse mentale, passé et futur; la perte de revenus et la diminution du salaire pouvoir, passé et l'avenir; perte de jouissances de la vie et le bien-être, passé et futur, et les coûts des services médicaux et hospitaliers, passé et futur.

## COMTE 1
### Demandeur, Christopher Mullen v. Tous les défendeurs

32.     Paragraphes 1 à 31 sont incorporés ici par référence.

33.     Le 1er Mars 2012, (ci-après, "la date de l'incident), le demandeur, Christopher Mullen soit environ, a été employé par Arrimage J&H à son usine de Pier 80 dans la capacité du débardeur général. Sur la date de l'incident, le demandeur travaillait dans le cadre de son emploi et était nécessaire pour et/ou a été réalisé à bord du navire. A ce moment-là, le demandeur était, et reste, un employé visé au sens de la loi l'indemnisation des travailleurs de Longshore & Harbor, 33 US0 §901 *et suivants*. Sur la date de l'incident, il a été amené à subir des blessures corporelles graves.

34.     Sur la date de l'incident, le demandeur, Christopher Mullen, après avoir assisté au déchargement de la cargaison du M/S Morraborg, amarré à l'installation J & H Stevedoring; Le

demandeur a été dirigé par son employeur pour quitter la zone fret de déchargement du navire de faire une pause quand il a été amené à glisser et tomber une échelle en acier verticale entre les premier et deuxième ponts, et tomber sur le premier pont causé des blessures, les incapacités et les dommages que plus amplement ci-dessous.

       35; - Cet incident et les blessures permanentes et les dommages à la demanderesse se sont produites - sans aucune faute ou négligence contribuant de la part de la demanderesse - en raison des conditions dangereuses du navire et de la négligence de la part des défendeurs, Wagenborg Shipping et Johri signifie «A»,« B »,« C »,« D »,« E »,« F » et « G »dans leur propre droit et par et à travers leurs agents, employés, ouvriers et/ou employés, agissant dans le cours et cadre de leur emploi, et en tant que propriétaire, l'affréteur et/ou le propriétaire *pro vice Ziac* dudit navire, tout ou partie de ce qui sont responsables en vertu des exigences de la Loi Longshore Workers Compensation & Port 33 USC §§905 (b) et 933 et la loi générale maritime des États-Unis comme suit:

      i) SUR LES CONDITIONS DANGEREUSES QUI EXISTAIT SUR LE "NAVIRE":

    a)    Parce que les barreaux de l'échelle verticale en acier menant de la première plate-forme pour le deuxième pont étaient lisses et glissantes et n'ont pas été recouverts d'une peinture anti-dérapage ou une autre substance antidérapante;

    b)    En raison de l'huile de déchiquetage de façon intermittente depuis l'équipement défectueux sur le deuxième pont;

    c)    En raison de l'accumulation de l'eau de pluie sur le deuxième pont avec l'huile qui avait fui sur le deuxième pont,

    d)    Parce que le deuxième pont n'a pas été maintenue avec de la peinture anti-dérapage ou d'autres substances antidérapantes;

    e)    Parce que l'échelle verticale marine n'a pas été maintenue avec un revêtement de protection approprié à ses exigences de localisation (échelle extérieure apposée sur le côté du navire);

    f)    Parce que l'échelle n'était pas exempte de défauts susceptibles de causer un dommage aux personnes utilisant l'échelle:

g)    Parce que l'échelle ne se étend pas au-dessus du deuxième pont qui empêcherait membres débardeurs/l'équipage de monter en toute sécurité les barreaux de l'échelle, créant ainsi un risque de chute; et

h)  → Des conditions dangereuses du navire qui devient connu au cours de découverte ou au procès.

ii) À LA NÉGLIGENCE DES DÉFENDEURS PAR LEURS AGENTS, LES FONCTIONNAIRES, LES EMPLOYÉS ET CAPITAINE ET L'ÉQUIPAGE DU NAVIRE:

a)    En raison de l'insuffisance des avertissements, des équipements insuffisants et les conditions intrinsèquement dangereuses du navire;

b)    En violations légales et réglementaires, y compris la violation du code ISM et le code ISO et d'autres textes connexes;

c)    Pour garder et maintenir les surfaces de marche et l'escalade, y compris l'échelle, dans un bon état et sécuritaire afin que les surfaces de marche et une échelle devraient pas devenir dangereux, dangereux et dangereux pour les invités d'affaires;

d)    Fournir demandeur d'un endroit sûr pour travailler ou un moyen sûr de faire le travail nécessaire à bord desdits navires et ne pas adopter des méthodes de travail dangereuses;

c) Prévenir l'exposition de la partie demanderesse à des risques inutiles de dommages et de blessures par fournir un navire avec une surface de pont glissant et dangereux l;

f)    A défaut d'inspecter et d'entretenir les surfaces de pont et échelle dans un bon et sûr état, avec du matériel de pont, antidérapant, et une échelle qui est raisonnablement en forme pour la descente qui mène de la seconde au premier pont du navire et sans autres obstacles.

g)    Lesdits défendeurs, dans leur propre droit et en tant que propriétaire et/ou le propriétaire *pro hac vice* sur le sujet de navire sont susceptibles, en raison des faits allégués précités ci-dessus et peut être déterminée dans le cadre de la découverte, et les blessures subies par le demandeur étaient la conséquence directe et immédiate de la négligence de l'objet navire, et leurs propriétaires et/ou propriétaires *pro hae vice;*

h)    En violation des dispositions de la Loi sur la sécurité et la santé au travail des États-Unis d'Amérique et d'autres lois applicables relatives à la sécurité des employés;

i)    A défaut d'inspecter et d'entretenir les surfaces de pont et échelle dans un bon et sûr état, avec du matériel de pont, antidérapant, et une échelle qui est raisonnablement en forme pour la descente qui mène de la seconde au premier pont du ¨ navire et sans autres obstacles

(CLIENT FILE/1337164/PLEAD/P1047252.1: OCK    12

j)      Négligence de la loi; et

k)      Toute zone de négligence qui 'devient connu au cours de découverte ou au procès,

36.     L'absence de matériau antidérapant sur les barreaux de l'échelle ladite, ainsi que la accumulation d'huile de l'équipement défectueux et l'eau de pluie sur le deuxième pont ne était pas, connu ou évident pour le demandeur; donc, les défendeurs ne font pas au moment où le manutentionnaire a commencé le travail d'exercer une diligence normale dans les circonstances de remettre un navire raisonnablement sûr, l'équipement et- l'espace de travail raisonnablement sécuritaire de sorte qu'un manutentionnaire raisonnablement compétent pourrait effectuer en toute sécurité les opérations de fret.

37.     En complément ou en tant qu'alternative à l'alinéa précédent, l'absence de matériau antidérapant sur les barreaux de ladite échelle, ainsi que l'accumulation de l'huile provenant de l'équipement défectueux et l'eau de pluie sur la seconde plate-forme, ne était pas connue ou évidente à la demanderesse
Arrimeurs et défendeurs savaient ou auraient dû connaître l'échec d'avoir des surfaces antidérapantes protégées de fuir les lieux du pétrole le manutentionnaire à un risque accru de préjudice de glisser et tomber accident. Par conséquent, les défendeurs, en causant/permettant l'état dangereux d'exister et restent - à propos de laquelle la demanderesse ne savait pas et qui ne était pas évident à la demanderesse mais dont défendeurs savaient ou auraient dû savoir - manqué à leur devoir supplémentaire à l'obligation de remettre le navire dans un état sûr pour avertir le manutentionnaire de tous les dangers ou vices cachés.

38.     En complément ou en alternative aux paragraphes 36 et 37, les défendeurs se sont activement impliqués dans les opérations de fret, par conséquent, les défendeurs, en permettant à l'état dangereux de ladite échelle, deuxième pont et des fuites des équipements à être et rester sur ledit navire - dont Le demandeur ne savait pas et qui ne était pas évident à la demanderesse - sont responsables de négligence blessant demandeur.

39.    En complément ou en alternative aux paragraphes 36, 37 et 38, les défendeurs avaient contrôle actif sur le matériel défectueux sur le deuxième pont qui a été fuite d'huile et ladite échelle et sont donc responsables de ne pas faire preuve de diligence pour éviter d'exposer demandeur de nuire de l'échelle des surfaces dangereuses, seconde plate-forme et les équipements qui fuient demandeur rencontré dans la zone sous le contrôle actif des défendeurs pendant l'opération de manutention.

40.    Comme alternative aux paragraphes 38 et 39, et comme un complément ou une alternative aux paragraphes 38 et 39, les surfaces défectueuses de ladite échelle, deuxième pont et fuite l'équipement était un danger ouverte et évidente, cependant, les défendeurs avait une connaissance réelle du danger et de la connaissance réelle qu'ils ne pouvaient pas compter sur le manutentionnaire vers la comète la situation, donc les défendeurs sont responsables pour ne pas intervenir avant la chute de la demanderesse comme allégué ci-dessus.

41.    En complément ou en alternative aux paragraphes 36, 37, 38, 39 et 40, une obligation est imposée sur le contracte des défenderesses, le droit positif ou de coutume à superviser et de contrôler le travail de l'acconier de découvrir des conditions dangereuses qui se développent dans les limites des opérations de fret qui sont affectés par le manutentionnaire et défendeurs ont manqué à cette obligation en vertu de la fuite d'huile de l'équipement défectueux sur le deuxième pont , l'absence d'application matériel antidérapant pour les ponts et sous réserve échelle, comme indiqué au paragraphe 36 ci-dessus, qui a causé la demanderesse de glisser sur l'échelle défectueux et tomber comme allégué ci-dessus.

42.    En conséquence directe et immédiate des conditions dangereuses qui existaient sur le navire et la négligence de ces défendeurs, comme décrit ci-dessus, le demandeur a été causé de subir des blessures graves, graves et permanents et les dommages que ci-dessus ensemble de suite.

**EN CONSÉQUENCE,** Demandeurs, **CHRISTOPHER** et **LISA MULLEN,** b/w, le jugement de la demande contre les défendeurs, **WAGENIBORG Shipping BV, Wagenborg**

ID Cas: 150202728

rederij BV, Wagenborg Shipping AMÉRIQUE DU NORD, INC.Et ROYAL Wagenborg DES PAYS-BAS, Conjointement et/ou solidairement selon les causes ci-dessus de l'action pour un montant de plus de cinquante mille dollars (50,00000 $) en dommages-intérêts compensatoires, ainsi que des indemnités de retard, intérêts et frais.

### COMTE II
### Demanderesse. Lisa Mullen, v. Tous les défendeurs

43.    Paragraphes 1 à 31 sont incorporés ici par référence.

44.    Le demandeur, Lisa Mullen, est le conjoint de la demanderesse blessée, Christopher Mullen

45.    Uniquement en raison de la négligence commune et/ou plusieurs des défendeurs, ou fondée sur toute autre théorie de responsabilité durable, ici, la demanderesse, Lisa Mullen, a perdu les services, la société et consortium de son mari et a été endommagé dans une somme à déterminer par le juge des faits pour être juste et raisonnable, plus de ces coûts, les frais et les intérêts que sont garantis.

C'est pourquoi, demandeurs, CHRISTOPHER et LISA MULLEN, h/w, demande le jugement contre les défendeurs, WAGENBORD Shipping BV, Wagenborg REDERII BV, Wagenborg Shipping AMÉRIQUE DU NORD, INC., et ROYAL Wagenborg DES PAYS-BAS, Conjointement et/ou solidairement selon les causes ci-dessus de l'action pour un montant de plus de cinquante mille dollars ($50,00000) en dommages-intérêts compensatoires, ainsi que des indemnités de retard, intérêts et frais.

ID Cas: 150202728

LAFFEY BUCCI & KENT, LLP

Par :       / S / V. Paul Bucci, II
                 V. Paul Bucci, II, Avocat
                 écuyer pour les
                 demandeurs

LE CABINET D'AVOCATS MOSCHETTA

Par/s/ Joseph P. Moschetta de _____
                 Joseph P. Moschetta, Avocat
                 écuyer pour les demandeurs

Par : /s/ Stephen P. Mosehetta ___
                 Stephen P. Moschetta, Avocat
                 écuyer pour les demandeurs

Date : Le mardi 24 février 2015

## <u>VÉRIFICATION</u>

Je vérifie que l suis le demandeur dans le sein de plainte → Action civile et que les faits énoncés dans le présent document sont véridiques et exactes, au meilleur de ma connaissance, l'information et la croyance. Je comprends que les fausses déclarations faites aux présentes sont soumis aux sanctions de 18 Pa.CS.§ 4904, relative à la falsification, sans prêter serment aux autorités.

En date __2/3/15__                   _Christopher Mullen_
                                     CHRISTOPHER MULLEN

ID Cas: 15020272S

# EXHIBIT B



**BLANK ROME** LLP
COUNSELORS AT LAW

Phone:    (215) 569-5366
Fax:      (215) 832-5366
Email:    kalman@blankrome.com

April 9, 2015

**BY FACSIMILE(215.241.8700) AND**
**FIRST CLASS MAIL**
Paul V. Bucci, Esquire
Laffey, Bucci & Kent, LLP
1435 Walnut Street
7th Floor
Philadelphia, PA 19102

**BY FACSIMILE (724.225.7311) AND**
**FIRST CLASS MAIL**
Joseph P. Moschetta, Esquire
The Moschetta Law Firm, P.C.
Court Square Building
28 West Cherry Avenue
Washington, PA 15301

      Re:    *Mullen v. Wagenborg Shipping B.V., et al.*; Philadelphia Court of
               Common Pleas, February Term 2015, No. 02728

Dear Messrs. Bucci and Moschetta:

    We represent the defendants, Wagenborg Shipping B.V., Wagenborg Rederij B.V., Wagenborg Shipping North America, Inc. and Royal Wagenborg of the Netherlands in connection with the above-referenced matter. The purpose of this letter is to inquire whether your clients will agree to stipulate to awardable damages not to exceed $75,000. My clients intend to exercise their rights to remove this case to federal court should your clients decline to so limit their damages.

    Thank you for your consideration, and please feel free to contact me should you wish to discuss any aspect of this matter.

                          Very truly yours,

                          LEV KALMAN

617499.06509/100074667v.1